

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00036-CR

BRODERICK MAXIMILLIAN MCHENRY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 16-0281X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Broderick Maximillian McHenry has filed an untimely notice of appeal from a conviction of aggravated robbery and the resulting sixty-year sentence.[1]  We dismiss the appeal for want of jurisdiction.

The judgment of conviction in this matter indicates that McHenry's sentence was imposed on January 9, 2018, and that his notice of appeal was filed in the trial court on February 9, 2018, thirty-one days after imposition of sentence.  There is nothing in the appellate record to indicate that McHenry filed a motion for new trial.  In the absence of a timely motion for new trial, McHenry, to perfect his appeal, was required to file his notice of appeal within thirty days of the date sentence was imposed, or on or before February 8, 2018.  *See* TEX. R. APP. P. 26.2(a)(1).  The notice of appeal, therefore, was untimely.

Rule 26.3 of the Texas Rules of Appellate Procedure establishes the procedure for obtaining an extension of time in which to file a notice of appeal.  Under Rule 26.3, an appellate court has the discretion to grant an extension of time in a criminal matter if, and only if, within fifteen days after the deadline for filing the notice of appeal, the appellant (1) files the notice of appeal in the trial court and (2) files a motion seeking an extension of time in the appellate court. While McHenry satisfied the first requirement, he failed to satisfy the second.  McHenry did file a motion in this Court seeking an extension of the deadline for filing his notice of appeal, but he did not do so within fifteen days after the deadline for filing such notice.  As previously stated, the deadline for filing the notice of appeal was February 8, 2018.  Consequently, the deadline for filing

---

[1]*See* TEX. PENAL CODE ANN. § 29.03 (West 2011).

for an extension of time under Rule 26.3 was February 23, 2018.  McHenry's motion was filed in this Court on March 9, 2018, making it untimely.  The Texas Court of Criminal Appeals has expressly held that the failure to timely file a motion for extension of time under such circumstances deprives this Court of jurisdiction.  *See Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998) (per curiam).

We notified McHenry by letter that his notice of appeal appeared to be untimely and that the appeal was subject to dismissal for want of jurisdiction.  We gave McHenry ten days to respond to our letter and to demonstrate how we have jurisdiction over the appeal notwithstanding the noted defect.  McHenry's only response was the filing of his untimely motion to extend the deadline for filing his notice of appeal.

Because McHenry has not timely perfected his appeal, we dismiss the appeal for want of jurisdiction.

Bailey C. Moseley
Justice

Date Submitted:     April 12, 2018
Date Decided:       April 13, 2018

Do Not Publish